IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JESSICA JUDGE
    Reg. No. 50032-177

    Petitioner,
v.                                        Case No. 5:22-cv-220/TKW/MAL

WARDEN PISTRO,
F.C.I. MARIANNA

    Respondent.
    _____/

## REPORT AND RECOMMENDATION

In September of 2022, Petitioner Jessica Judge filed a pro se habeas petition under 28 U.S.C. § 2241. Doc. 1. Petitioner raised a single ground for relief, claiming she was entitled to sentencing credits under the Fair Sentencing Act ("FSA") for Evidence-Based Recidivism Reduction Training and Productive Activities ("EBRR"). Respondent moved to dismiss the petition, claiming Petitioner had not exhausted her administrative remedies. Doc. 8. Petitioner responded in opposition to the motion. Doc. 9.

At the time she filed her petition, Petitioner's projected release date was January 13, 2025, via good conduct time release. *See* Doc. 8-1 at 1. This has recently been amended, and the undersigned takes judicial notice that the Bureau of Prisons' Inmate Locator reflects Petitioner's current release date is January 14, 2024. *See*

https://www.bop.gov/inmateloc/. If the credits Petitioner sought through her petition were awarded, the instant petition is moot.

Therefore, on January 25, 2023, the undersigned entered an order directing Petitioner to show cause on or before February 8, 2023 why the petition should not be dismissed as moot. Petitioner was warned that failure to respond to the order would result in a recommendation of dismissal of this case. Notwithstanding this admonition, Petitioner has not responded.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. *Link v. Wabash R.R.*, 370 U.S. 626 (1962). Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action for failure to obey a court order, typically upon motion of the defendant. *See Moon v. Newsome*, 863 F.2d 835, 838 (11th Cir. 1989) (citing cases). Rule 41.1 of the Local Rules of the Northern District of Florida also authorizes the court to impose sanctions, up to and including dismissal, for failure to comply with a rule or court order. Thus, because Petitioner has not complied with the Court's order and because it appears the petition is moot, her petition should be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

> 1. Petitioner's petition under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED** without prejudice.

    2.       Respondent's Motion to Dismiss (Doc. 8) be **DENIED as moot**.

    3.       The clerk be directed to close the case file.

At Gainesville, Florida on February 14, 2023.

                              s/ *Midori A. Lowry*
                              Midori A. Lowry
                              United States Magistrate Judge

### **NOTICE TO THE PARTIES**

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.